FILED
2016 Feb-02  PM 03:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SUSAN ADKINS, as administrator for the Estate of Bill Adkins, deceased,<br><br>    Plaintiff,<br><br>vs.<br><br>HARLEY-DAVIDSON INCORPORATED, et al.,<br><br>    Defendants. | 2:15-cv-02156-LSC |

### Memorandum of Opinion

Plaintiff Susan Adkins ("Mrs. Adkins") filed this wrongful death action in Jefferson County state court against Harley-Davidson Incorporated ("Harley-Davidson"), Heart of Dixie Harley-Davidson ("Heart of Dixie"), and Steel Syndicate Choppers LLC ("Steel Syndicate"). Harley-Davidson then removed the action to this Court. Before the Court is Mrs. Adkins's motion to remand. (Doc. 7.) For the reasons stated below, Mrs. Adkins's motion to remand (Doc. 7) is due to be granted.

I.  **Background**[1]

In September of 2014, Bill Adkins ("Mr. Adkins") was riding his Harley-Davidson motorcycle. The front end of the motorcycle began to wobble and then turned to the left, flipping the motorcycle and throwing Mr. Adkins from his seat. Mr. Adkins later died from injuries sustained in this motorcycle accident. Mrs. Adkins, as the representative of Mr. Adkins's estate, filed this wrongful death action in the Jefferson County Circuit Court, Bessemer Division, on October 21, 2015. She alleged violations of the Alabama Extended Manufacturer's Liability Doctrine against Harley-Davidson and Heart of Dixie, and she alleged negligence and wantonness claims against all three defendants. Harley-Davidson filed a notice of removal based on diversity jurisdiction, alleging that Heart of Dixie—an Alabama corporation—and Steel Syndicate—an Alabama limited liability company with at least one member residing in Alabama—are fraudulently joined in this

---

[1] Where, as here, the Court must determine whether a party or claim has been fraudulently joined, it must consider the pleadings as supplemented by affidavits and depositions submitted by the parties. *Legg v. Wyeth*, 428 F.3d 1317, 1322 (11th Cir. 2005). However, the parties dispute whether the Court may consider affidavits submitted by Mrs. Adkins as these affidavits may address issues not pled in Mrs. Adkins's complaint. This dispute regarding these affidavits need not be resolved, as the Court finds that Harley-Davidson has failed to show fraudulent joinder based upon the allegations stated in Mrs. Adkins's complaint alone.

action.[2] Mrs. Adkins responded by filing a motion to remand, contending that Heart of Dixie and Steel Syndicate were not fraudulently joined defendants.

## II. STANDARD OF REVIEW

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). For removal to be proper, the court must have subject-matter jurisdiction in the case. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). In addition, the removal statute must be strictly construed against removal, and any doubts should be resolved in favor of remand. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

## III. DISCUSSION

In order to exercise jurisdiction over an action pursuant to § 1332(a), this Court must assure itself that the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See, e.g.*, *Triggs v.*

---

[2] The parties do not dispute that, for purposes of diversity jurisdiction under 28 U.S.C. § 1332, Harley-Davidson is a citizen of Wisconsin while Heart of Dixie and Steel Syndicate are citizens of Alabama. The parties also do not dispute that Mrs. Adkins is a citizen of Alabama. However, Mrs. Adkins is bringing this action in her capacity as legal representative of Mr. Adkins's estate. The relevant state of citizenship is Mr. Adkins's domicile. *See* 28 U.S.C. § 1332(c)(2). Mr. Adkins was domiciled in Alabama at the time of his death. Thus, Harley-Davidson is the only non-diverse defendant in this case for purposes of diversity jurisdiction.

*John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Because it removed this action, Harley-Davidson has the burden of establishing the propriety of diversity subject-matter jurisdiction. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921).

"Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). However, this Court is free to disregard the citizenship of any defendant it determines has been fraudulently joined. *Id.* at 1287. In *Triggs*, the Eleventh Circuit Court of Appeals described three situations when a defendant can be considered to have been fraudulently joined:

> Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity. Joinder has been deemed fraudulent in two situations. The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant. The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts. In *Tapscott [v. MS Dealer Service Corp.]*, 77 F.3d at 1355 (11th Cir. 1996), a third situation of fraudulent joinder was identified—i.e., where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant.

*Id.* (internal citations omitted).

The burden on the removing party to prove fraudulent joinder, however, is a "heavy one." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997); *see also, De Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998). In assessing a fraudulent joinder objection, "the district court must evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about the applicable law in the plaintiff's favor." *De Perez,* 139 F.3d at 1380. The "determination of whether a resident has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, *supplemented by any affidavits and deposition transcripts submitted by the parties*." *Legg v. Wyeth*, 428 F.3d 1317, 1322 (11th Cir. 2005) (emphasis in original) (quoting *De Perez*, 139 F.3d at 1380).

If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Triggs*, 154 F.3d at 1287 (internal citations omitted). When assessing possibility, the Eleventh Circuit has colorfully stated that "[i]n considering *possible* state law claims, possible must mean more than such a possibility that a designated residence can be hit by a meteor tonight. That is possible. Surely, as in other instances, reason and common sense have some role." *Legg*, 428 F.3d at 1325 n.5 (internal citations omitted). In other words, a plaintiff must show that the potential for legal liability is

"reasonable" and "not merely theoretical." *Id.* (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 1992)).

However, in the context of the fraudulent joinder analysis, "[t]o determine whether it is possible that a state court would find that the complaint sates a cause of action, we must necessarily look to the pleading standards applicable in state court, not the plausibility pleading standards prevailing in federal court," because "[a]ll that is required are allegations sufficient to establish 'even a possibility that a state court would find that the complaint sates a cause of action against any one of the resident defendants.'" *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1334 (11th Cir. 2011) (quoting *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440–41 (11th Cir. 1983))). Thus, this Court must determine whether, under Alabama's pleading standards, it is possible that an Alabama court could find that Mrs. Adkins's complaint states a cause of action against a resident-defendant.[3]

Under Alabama pleading standards, "a complaint is sufficient if it puts the defendant on notice of the claims against him." *Bethel v. Thorn*, 757 So. 2d 1154,

---

[3] This fraudulent joinder standard is less rigorous than the standard this Court applies when confronted with a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss. "To survive a 12(b)(6) motion to dismiss, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.' This plausibility standard 'asks for more than a sheer possibility that a defendant has acted unlawfully.' In contrast, all that is required to defeat a fraudulent joinder claim is 'a possibility of stating a valid cause of action.'" *Stillwell*, 663 F.3d at 1333 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)).

1158 (Ala. 1999). Further, "dismissal [under Alabama Rule of Civil Procedure 12(b)(6)] is proper only when it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." *Norfolk S. Rail Co. v. Goldthwaite*, 176 So. 3d 1209, 1212 (Ala. 2015) (quoting *BT Sec. Corp. v. W.R. Huff Asset Mgmt. Co.*, 891 So. 2d 310, 312–13 (Ala. 2004)). And, unlike the Federal Rules, "[a] fair reading and study of the Alabama Rules of Civil Procedure lead to the determination that pleading technicalities are now largely avoided and that the pleading of legal conclusions is not prohibited, as long as the requisite fair notice is provided thereby to the opponent." *McKelvin v. Smith*, 85 So. 3d 386, 389 (Ala. Civ. App. 2010) (quoting *Mitchell v. Mitchell*, 506 So. 2d 1009, 1010 (Ala. Civ. App. 1987)).

    Mrs. Adkins's complaint alleges that Steel Syndicate, an Alabama entity that "services and/or repairs motorcycles" (Doc. 2-1 at Page 3), "owed a duty to exercise reasonable care in the service and/or repair of [Mr. Adkins's] motorcycle" and that Steel Syndicate "negligently breached this duty," proximately causing Mr. Adkins's injuries and death. (Doc. 2-1 at Page 12.) The complaint further alleges that Steel Syndicate also "wantonly breached this duty." (Doc. 2-1 at Page 13.) Considering these allegations, there is a reasonable possibility that Mrs. Adkins has stated claims against Steel Syndicate for negligence and wantonness. The

complaint indicates that Steel Syndicate serviced or repaired Mr. Adkins's motorcycle and failed to exercise reasonable care in doing so, proximately causing his injuries and death.

These allegations put Steel Syndicate on notice of Mrs. Adkins's claims against it, and it is reasonably possible that an Alabama court would find that the complaint meets Alabama's pleading standards. *See, e.g.*, *McKelvin v. Smith*, 85 So. 3d 386, 389–91 (Ala. Civ. App. 2010) (holding that the complaint met Alabama Rule 8(a)'s notice-pleading standard when it alleged that the defendant "and/or one or more of the fictitious party defendants had a duty to inspect, investigate, [and/or] provide services . . . [t]he Defendants negligently or wantonly failed to perform their duties . . . [a]s a proximate result of the Defendants' negligence or wantonness, the [plaintiffs] suffered damage . . . [and the Defendants] knew or should have known of the defect[] . . . failed to make the necessary repairs . . . and/or failed to apprise the [plaintiffs] of the home's defective and dangerous condition which caused the damage to the [plaintiffs'] home."). Harley-Davidson has failed to meet its heavy burden of showing that Mrs. Adkins could prove no set of facts in support of her claims against Steel Syndicate. Thus, Steel Syndicate is not fraudulently joined in this action. Because Steel Syndicate—a non-diverse defendant—remains in this action, this Court lacks subject matter jurisdiction over

this action. This action is due to be remanded to the Jefferson County Circuit Court, Bessemer Division.

## IV.  Conclusion

For the reasons discussed above, Mrs. Adkins's motion to remand (Doc. 7) is due to be GRANTED, and this case is due to be remanded to the Jefferson County Circuit Court, Bessemer Division, in accordance with 28 U.S.C. § 1447(c). A separate Order consistent with this opinion will be entered.

**DONE** and **ORDERED** on February 2, 2016.

_____
L. Scott Coogler
United States District Judge

182184